SANIYYAH RASHEED,

        Plaintiff,

  v.                                    Case No. 23-cv-839-pp

CLPF 624 SOUTH GLENDORA AVENUE LP,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      On June 22, 2023, Saniyyah Rasheed, a resident of Sacramento, California who is representing herself, filed a complaint here in the Eastern District of Wisconsin against CLPF 624 South Glendora Ave., LP., a California apartment complex and/or corporation. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Finally, she filed nine pages of documents. Dkt. No. 4.

      In the caption of the complaint, Ms. Rasheed drew a line through the pre-printed word "plaintiff(s)" and wrote the word "Defendant," then listed CLPF 624 South Glendora Ave., L.P. Dkt. No. 1 at 1. She drew a line through the pre-printed word "defendant(s)" and wrote the word "Plaintiff," then listed Saniyyah Rasheed—herself. Id. At the bottom of the first page, however, where she was asked to list the parties, Ms. Rasheed wrote her name in on the line next to "Defendant." Id. In the body of the complaint, she refers to CLPF 624 South

1

Glendora Ave., L.P. as the "plaintiff." Id. at 2-3. Although this is not the court's custom, it will refer to the parties by name in this order.

Although Ms. Rasheed did not file a notice of removal, she says on page 3 of the complaint, "This [is] a request to remove the related state case to federal court." Id. at 3. On the first page of the complaint, in the case caption, Ms. Rasheed wrote, "CASE #23 WCUDOO462 West Covina Ca. Sup. Court." Id.[1] Because it appears that Ms. Rasheed is attempting to remove a state-court case from the Los Angeles County Superior Court to the United States District Court for the Central District of California, and because this federal court is the United States District Court for the Eastern District of Wisconsin, the court will grant her motion to proceed without prepaying the filing fee but will dismiss the case.

## I. Ms. Rasheed's Ability to Pay the Filing Fee

To allow someone to proceed without prepaying the filing fee, the court first must decide whether the person can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). Ms. Rasheed's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing

---

[1] In the California state court system, trial courts are called "superior courts." https://www.courts.ca.gov/998.htm?rdeLocaleAttr=en. The Los Angeles County web site indicates that there is a courthouse in West Covina that houses a state trial court—the LA County Superior Court—"with jurisdiction over cases that take place in El Monte, La Puente, Rosemead and South El Monte." https://locator.lacounty.gov/lac/Location/3178259/los-angeles-county-superior-court---east-district---west-covina-courthouse.

2

Case 2:23-cv-00839-PP   Filed 06/30/23   Page 2 of 10   Document 5

Fee says she is not married, is not employed and has no dependents. Dkt. No. 2 at 1. Ms. Rasheed reports no monthly wages but pays rent in the amount of $2,600, which she explains is a federally subsidized payment. Id. at 2. She reports that she has no other expenses, owns no property and does not own her home. Id. Ms. Rasheed indicates under "Other Circumstances" that she receives food stamps and a federal housing subsidy and that she has no copay. Id. at 4. Based on the information in the request, the court concludes that Ms. Rasheed does not have the ability to pay the filing fee.

**II.     Screening**

The court must review a complaint filed by a litigant who is representing herself to determine whether her claims are legally "frivolous or malicious," fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id.

3

### III. Facts Alleged in the Complaint

Ms. Rasheed lives at 300 E. Bonita Ave., #42, San Dimas, CA 91773. Dkt. No. 1 at 5. She is suing CLPF 624 South Glendora Ave., L.P., a California corporation, located at 2719 Gateway Oaks Dr., Suite 150, Sacramento, CA 95833. Id. at 1. Neither party appears to live in Wisconsin or have any tie to Wisconsin.

Ms. Rasheed asks the court to dismiss an eviction order and stay the eviction pending the result of this case. Id. at 4. Ms. Rasheed's statement of claim is as follows:

> CLPF 624 South Glendora Ave., L.P. violated my rights because I could not be served because they tried to serve me in a manner contrary to my recorded disability. Furthermore, I had cured the 3 day notice because I no longer prohibited [CLPF 624 South Glendora Ave., L.P.] from removing asbestos while I was in my unit. I was provided alternative housing by [CLPF 624 South Glendora Ave., L.P.] only after enforcing my rights.
>
> I requested asbestos testing before I moved back but [CLPF 624 South Glendora Ave., L.P.] would not provide it. Instead they gave me another 3-day eviction notice for not living in that unit. Consequently, I was forced to move back in despite my disabilities and my concern for my well-being not knowing the levels of asbestos.
>
> I have suffered damages and have harmed by the landlords actions.
>
> This a request to remove the related state case to federal court.

Id. at 2-3.

Along with the complaint, Ms. Rasheed filed a Reasonable Accommodation Request Confirmation on the U.S. Department of Interior's Form DI-6513. Dkt. No. 4 at 1. She dated the form June 21, 2023—the day before she filed the federal complaint here in the Eastern District of

4

Wisconsin—and, in section 8 of the form, explained that she needed a reasonable accommodation because she had visual and cognitive disabilities that impacted her ability to represent herself in court. Id. In section 9 of the form, she indicated that the reasonable accommodation was time-sensitive because she is asking for federal removal of an eviction case that "has federal implications but was granted a [illegible] to be executed by June 25, 2023." Id.

Ms. Rasheed also filed a form from the United States District Court for the Central District of California titled "Application for Permission for Electronic Filing." Id. at 2. This document, too, was dated June 21, 2023, the day before she filed the complaint here in Wisconsin. Id.

Next, Ms. Rasheed filed a "Waiver of the Service of Summons" form; in the heading of the caption, she identified the relevant court as the United States District Court for the Central District of California. Id. at 3. Other than the caption, the rest of the form is blank and Ms. Rasheed did not sign it.

Although Ms. Rasheed filed a Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee, dkt. no. 2, she also included in her papers an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), dkt. no. 4 at 4. In the caption of this application, she identified the relevant court as the United States District Court for the Central District of California. Id. At the end of this form, she indicated that she was disabled and on a fixed income; she also indicated that she lives in West Covina, California. Id. at 8.

5

Finally, Ms. Rasheed filed an AO 240A form Order to Proceed Without Prepaying Fees or Costs; again, in the caption she listed the relevant court as the United States District Court for the Central District of California. Id. at 9.

## IV. Analysis

As best the court can tell, Ms. Rasheed wants to halt eviction proceedings brought against her in Los Angeles Superior Court by removing the eviction case from that state trial court to the United States District Court for the Central District of California. Section 1446(a) of Title 28 is the federal law that governs removing a case from state court to federal court. It says that a state-court defendant—someone who has been sued in state court—may remove a case to federal court by filing

> in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. §1446(a).

Ms. Rasheed's pleading does not comply with the requirements of §1446(a). If the court is correct that the eviction proceeding is pending in Los Angeles County Superior Court, Ms. Rasheed must file her removal request "in the district court of the United States for the district and division" in which the state eviction case is pending—the United States District Court for the Central District of California. (The web site for the U.S. District Court for the Central District of California indicates that the Western Division of that district, whose courthouse is located on West 1st Street in Los Angeles, covers, among others,

6

Los Angeles County. https://www.cacd.uscourts.gov/.) She did not do so. She filed her request here in the Eastern District of Wisconsin, although the state eviction proceeding is not pending in a Wisconsin county located in this district.

It is possible Ms. Rasheed is under the mistaken impression that one may file a federal case in any federal court, and then designate in the caption of the complaint to which federal court it should be assigned. That is not the way federal lawsuits work. Federal law requires federal civil lawsuits to be filed where the defendants reside, or where a substantial part of the events in the lawsuit took place, or where a substantial part of the property is located. 28 U.S.C. §1391(b). And as the court explained above, the federal removal statute requires removal to the federal court in the district where the state proceeding is pending.

Ms. Rasheed did not file a "notice of removal," as required by §1446(a). Because she did not file a notice of removal, she did not provide the court with the "short and plain statement of the grounds for removal, together with a copy of all process pleadings, and orders" that have been served as required by the statute. Because Ms. Rasheed did not provide the court with the eviction complaint filed in Los Angeles County Superior Court, the court does not know how much time has passed since Ms. Rasheed received service of that complaint. Section 1446(b)(2)(B) requires a party seeking removal to file the notice of removal within thirty days of the date that person receives service of the state complaint.

7

Perhaps the court has misinterpreted Ms. Rasheed's filing, and she did not intend it to constitute a request for removal under §1446(a). Perhaps she intended to file an original lawsuit to be decided by the United States District Court for the Eastern District of Wisconsin, asking this Wisconsin federal court to stop the eviction proceeding in California. If so, this court cannot grant that relief. Federal courts are courts of limited jurisdiction; they may hear and decided only disputes under federal law or disputes between citizens of different states. On page 4 of the complaint form, Ms. Rasheed marked the box next to "I am suing for a violation of federal law under 28 U.S.C. § 1331." Dkt. No. 1 at 4. But she has not identified the federal law which she believes has been violated. On page 2 of the complaint, Ms. Rasheed says that CLPF 624 South Glendora Ave., L.P. violated her rights because she could not be served because "they tried to serve [her] in a manner contrary to [her] recorded disability." Id. at 2. There *are* federal laws that prohibit discrimination in housing and employment based on someone's disability, but Ms. Rasheed has not alleged disability discrimination, and it is not clear whether she is talking about being served with the eviction papers or being served notice about the asbestos removal or some other kind of "service." Ms. Rasheed says that she "was forced to move back in despite [her] disabilities." Id.

If Ms. Rasheed meant to allege that she believes she has been the victim of some kind of disability discrimination in housing, she can file a federal lawsuit in the Central District of California making that allegation. And if Ms. Rasheed believes that she was discriminated against, she can raise that

8

defense in the eviction proceeding in Los Angeles County Superior Court. But this federal court does not have the authority to order a state court to stop a state-court proceeding simply because the person being sued in state court believes she has a federal defense to that suit. Under Younger v. Harris, 401 U.S. 37, 43-53 (1971), "federal courts are not to use their equity powers to enjoin proceedings in state courts . . . merely because the person seeking the injunction has a federal defense to the state proceeding." Midwestern Gas Transmission Co. v. McCarty, 270 F.3d 536, 537 (7th Cir. 2001). "States oughtn't be impeded in their efforts to enforce their own laws in their own courts . . . by injunctions issued at the behest of defendants in state proceedings who, seeking to delay and if possible derail those proceedings in midcourse, run to a federal court for an injunction against the continuation of the proceeding." Id. (citations omitted).

Although courts generally permit civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3d. 768, 783 (7th Cir. 2015)). Given the deficiencies the court has identified, the court cannot conclude that Ms. Rasheed could remedy those deficiencies by amending the complaint she filed here in the Eastern District of Wisconsin. The court must dismiss the case, because if it is a request for removal it does not comply with

the removal statute, and if it is an original lawsuit it asks this court to enjoin an ongoing state proceeding, which this court does not have the authority to do. The complaint does not state a claim for which this Wisconsin federal court may grant relief.

## V. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**